IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARY DENNIS,

              Plaintiff,

vs.                              Case No. 17-1203-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

              Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On March 25, 2016, administrative law judge (ALJ) Michael R. Dayton issued his decision (R. at 11-21). Plaintiff alleges that she has been disabled since June 24, 2011 (R. at 11). Plaintiff is insured for disability insurance benefits through

December 31, 2016 (R. at 13). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date (R. at 13). At step two, the ALJ found that plaintiff has severe impairments (R. at 13). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 15). After determining plaintiff's RFC (R. at 17), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 20). At step five, the ALJ found that plaintiff could perform other work that exists in significant numbers in the national economy (R. at 20). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 21).

**III. Did the ALJ err by failing to adequately consider plaintiff's osteoarthritis of the right knee?**

At step two, the ALJ discussed plaintiff's allegations of right knee pain, but stated that there was no objective evidence of any acute or chronic condition. The ALJ noted that medical imagery showed osteoarthritic changes of both knees, but further noted that there was no longitudinal record of limiting pain that would support plaintiff's testimony. The ALJ further stated that even if a medically determinable impairment existed, it would be non-severe. The ALJ found that there is no indication in any medical opinion of limitation, and plaintiff did not testify to a limitation from her knee condition (R. at

5

15).  In the ALJ's RFC findings, the ALJ did not include any physical limitations (R. at 17).

Dr. Timmerman, a state agency consulting physician, stated on April 23, 2014, after reviewing the record, that plaintiff had no physical limitations.  However, Dr. Timmerman did not comment on plaintiff's knee condition (R. at 93-94).  The ALJ gave great weight to his opinions (R. at 19).

X-ray exams on July 10, 2015 indicated that plaintiff had joint space narrowing of both knees as well as some patellofemoral spurring.  Those findings were found to be compatible with osteoarthritis.  The impression was osteoarthritic changes of both knees involving all three compartments.  There was no acute fracture or joint effusion (R. at 489).

On August 20, 2015, Dr. Crutcher performed an evaluative examination of the plaintiff.  He noted her allegation of knee pain, but stated that she completed the entire exam without any observed limitation or positive physical findings.  He found no limitation of arm, leg, back and neck motion except that due to body habitus.  His impression was that plaintiff had only subjective limitations in her ability to sit, walk, stand and lift without any objective findings.  No objective limitations were noted on the exam (R. at 491-493).  The ALJ gave great weight to this opinion (R. at 15).

Dr. Crutcher filled out a physical RFC assessment form, in which he set out plaintiff's limitations based solely on her subjective complaints. However, Dr. Crutcher reiterated that he found no objective findings to support those limitations in his exam (R. at 494-499). The ALJ accorded no weight to plaintiff's subjective allegations of limitations because they were not supported by Dr. Crutcher or the medical record (R. at 15). Dr. Crutcher was recontacted by the ALJ and asked to review the x-ray records, which were not before him when he conducted the exam, and was asked to review this exhibit and provide a new RFC assessment (R. at 318). Dr. Crutcher declined to review the medical record and make RFC findings, stating that it was outside his domain of experience to review medical records and make a determination from those and not for the exam date (R. at 501).

The question before the court is whether the ALJ erred by not including limitations in plaintiff's physical RFC because of her right knee osteoarthritis, or, in the alternative, request a consultative examination. Consultative medical examinations may be ordered by the ALJ when the information needed is not readily available from medical treatment sources. 20 C.F.R. §§ 404.1512(f), 404.1519a(a)(1). The Commissioner has broad latitude in ordering consultative examinations. Nevertheless, it is clear that, where there is a direct conflict in the

7

medical evidence requiring resolution, or where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim.  Similarly, where additional tests are required to explain a diagnosis already contained in the record, resort to a consultative examination may be necessary.  There must be present some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation.  The claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists.  When the claimant has satisfied this burden in that regard, it then becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment.  In a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development.  In the absence of such a request by counsel, the court will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record. The ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving

the issue of disability.  Hawkins v. Chater, 113 F.3d 1162, 1166-1168, 1169 (10th Cir. 1997).

The evidence is clear from the x-rays that plaintiff had a medically determinable impairment.  Although this evidence was not before Dr. Crutcher when he performed his consultative examination on the plaintiff, he was aware of her allegation of knee pain, but stated that plaintiff had only subjective limitations in her ability to sit, walk, stand and lift, but without any objective findings.  He stated that he observed no limitations or positive physical findings (R. at 492-494).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice

had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The court does not find that a consultative examination was required on the facts of this case.  Although there was evidence that plaintiff had a medically determinable impairment of osteoarthritis in both knees, a consultative examination performed subsequent to the x-rays indicated no observed or objective limitations or positive physical findings.  Thus, the ALJ had before him medical evidence that plaintiff's impairment did not affect her ability to function.  The court will not reweigh the evidence.[1]  The ALJ reasonably relied on the medical opinions of Dr. Timmerman and Dr. Crutcher in finding that plaintiff had no physical limitations, including any limitations resulting from the osteoarthritis in her knees.  The court finds that the balance of the ALJ's analysis of the medical evidence pertaining to plaintiff's osteoarthritis of the knees and whether she had any physical limitations is supported by substantial evidence in the record.  Cf. Barnum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)(while the court had some concerns about the ALJ's reliance on plaintiff's alleged failure

---

[1] The court would note an ambiguity in Dr. Crutcher's report.  At one point, Dr. Crutcher stated that she was without any limitation of arm, leg, back and neck motion except that due to body habitus (R. at 492).  However, at another point he stated that she completed the entire exam without any observed limitation or positive physical findings (R. at 492).  His final impression that that plaintiff had only subjective limitations, without any objective findings or limitations (R. at 493).  The court finds that the ALJ could reasonably conclude that Dr. Crutcher found that plaintiff had no limitations in her ability to sit, walk, stand and lift with no objective findings, especially given the fact that his findings were supported in the medical record, as there was no other medical evidence in the record that plaintiff had any physical limitations.

to follow a weight loss program and her performance of certain household chores, the court concluded that the balance of the ALJ's credibility analysis was supported by substantial evidence in the record).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 25th day of April 2018, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge